### ELIZABETH HOLLINSHED v. ISAAC C. TOONE.

Argued November 12, 1900—Decided February 25, 1901.

On a claim by the plaintiff that the note in suit was given as the last renewal of a note designated only as being one of several notes given in a transaction which took place six years before the date of the note, it is lawful for the defendant to show what notes were given in that transaction and to trace their history to the end for the purpose of disproving the plaintiff's claim.

---

On contract. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justice DIXON.

For the plaintiff, *Norman Grey.*

For the defendant, *Thomas B. Hall.*

The opinion of the court was delivered by

DIXON, J. At the trial of this case the plaintiff put in evidence a promissory note dated June 10th, 1897, made by the defendant to the order of the plaintiff, for $3,000, payable in six months after date, and thereupon rested. The defendant then produced evidence tending to show that the note had been given by mistake and had no consideration to

support it. In reply, the plaintiff then offered a writing, dated June 10th, 1891, signed by the plaintiff, but not by the defendant, which recited that Hollinshed Brothers were indebted to the plaintiff and had assigned to her certain book accounts as collateral security for the indebtedness, that the defendant had agreed to assume such indebtedness and give therefor his notes to the order of and endorsed by Charles Hollinshed, and that in consideration thereof the plaintiff thereby assigned said book accounts to the defendant. In this transaction, the plaintiff contended the note in suit had its origin as the last renewal of one of the notes referred to by that writing. In rebuttal, the defendant denied this proposition and offered to prove what notes had been given in the transaction mentioned by the writing and that they had no relation to the present note, but this offer was objected to and overruled as having no bearing on the case. The defendant was also asked as a witness whether he had made the agreement recited in the writing of June 10th, 1891, but this question was overruled, and a similar question, put on cross-examination of the plaintiff, was likewise overruled, on the ground that such matters were not open for investigation at the trial. Subsequently the defendant was permitted to testify with regard to one note dated June 10th, 1891, and its renewals, but at no time were the barriers interposed by the previous rulings wholly removed.

We think those rulings were erroneous. As the defendant had not signed the writing of June 10th, 1891, the question whether he had become a party to it could be settled only by oral testimony. According to that instrument, several notes were to be given by the defendant, but not corresponding in form with the present note, and it was clearly pertinent to the plaintiff's contention, as to the consideration of this note, for the defendant to show what notes, if any, had been given pursuant to that writing, and to trace their history to the end, in order that it might appear whether the present note was part of their outcome, as the plaintiff alleged. To confine the defendant to a mere negation of the plaintiff's indefinite assertion that the note in suit had proceeded from that

transaction, was to exclude from the consideration of the jury the circumstances by which the truth respecting the point of contention might best be ascertained.

The rule to set aside the verdict and grant a new trial must be made absolute.